# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE BRADFIELD a/k/a<br>PAUL FARNSWORTH, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) ) | No. 17-1096-JDT-cgc |
| JOHN (JOHNNY) GORE, ET AL., | ) ) ) | |
| Defendants. | ) | |

**ORDER SEVERING CLAIMS AND DIRECTING CLERK TO OPEN NEW CASE,
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Plaintiff Ronnie Bradfield a/k/a Paul Farnsworth filed a *pro se* civil complaint on May 19, 2017, while he was incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. (ECF No. 1.) The complaint was accompanied by a motion for leave to proceed *in forma pauperis*. (ECF No 2.) The Defendants named in the original complaint are John (Johnny) Gore, a Chaplain at the HCCF, and Deborah Thompson, Director of Religious Services for the Tennessee Department of Correction. Bradfield has asserted claims under 42 U.S.C. § 1983 for deprivation of his First

Amendment right to freely exercise his religion and also a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1.[1]

On June 2, 2017, Bradfield filed a document that both supplements and amends the complaint. (ECF No. 4.) The document supplements the original complaint by adding one additional allegation against Defendants Gore and Thompson with regard to Bradfield's free exercise and RLUIPA claims. (*Id.* at 1.) However, Bradfield also amends the complaint to assert new claims concerning the food at the HCCF. The new claims are asserted against five additional Defendants. (*Id.* at 2-6.)

On May 21, 2018, Bradfield notified the Court that he had been released from prison. He provided both a new physical address and an e-mail address so that he can receive Notices of Electronic Filing (NEFs) in this case. (ECF No. 7.)

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a)-(b). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time

---

[1] The citation that Bradfield provided for RLUIPA, 42 U.S.C. § 2000bb, is incorrect. Section 2000bb is the citation for the Religious Freedom Restoration Act (RFRA). However, Bradfield is suing state actors and thus has no claim under RFRA. In *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court held that application of RFRA to the states or to state actors exceeded the authority of Congress under Section 5 of the Fourteenth Amendment. *See, e.g.*, *Ervin v. Davis*, No. 2:16-cv-186, 2017 WL 2573251, at *3 (S.D. Ohio June 14, 2017).

under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Bradfield has filed at least four previous lawsuits in this district that were dismissed for failure to state a claim or as frivolous. *See Bradfield v. City of Memphis, et al.*, No. 96-3184-BBD-dkv (W.D. Tenn. Feb. 3, 1997) (collecting cases). Therefore, he may not file any action, while he is incarcerated, in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint and/or amended complaint. *See, e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In the original complaint, Bradfield alleges that Defendants Gore and Thompson violated his right to freely exercise his Hebrew Israelite religion both by failing to provide regular, weekly Sabbath services and by interfering with those services when they were provided. (ECF No. 1 at 4.) Bradfield asserts that Gore would place inmates who were not Hebrew Israelites into the worship services, and Gore and the other inmates then would talk loudly over the service so that it could not be heard. (*Id.* at 4.) On one occasion a non-Hebrew Israelite inmate allowed into the service by Gore allegedly became combative and disrupted the service by attempting to proselytize for his own beliefs. (*Id.* at 5.)

The original complaint further alleges that Gore refused to allow Bradfield and the other Hebrew Israelites at HCCF to possess their own CD-players to listen to lessons while allowing other faiths to do so. (*Id.*) Gore also allegedly ensured the chapel was open for the worship services of other faiths but locked the chapel so that Bradfield and the other Hebrew Israelites could not use it for their services. (*Id.*) In addition, Gore allegedly failed to deliver to Bradfield the Passover materials Bradfield had ordered; instead, Gore refused the items in the package room and returned the package to the sender even though he had previously approved the materials. (*Id.*)

The supplemental complaint alleges that even after Bradfield provided Gore and Thompson with "any needed additional answer(s), clarifications and etc.," the Defendants still failed to provide any Sabbath services or a CD-player for their recorded lessons. (ECF No. 4 at 1.)

None of Bradfield's free exercise or RLUIPA claims sufficiently allege that he was in imminent danger of serious physical injury when they were filed. Therefore, those

claims do not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address their merits unless Bradfield first tenders the civil filing fee.

As stated, in Bradfield's amended complaint he asserts additional claims against new Defendants. The proper joinder of parties in a single lawsuit is governed by Federal Rule of Civil Procedure 20.[2] Rule 20(a)(2) governs the joinder of defendants and provides that multiple defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

The Seventh Circuit has cogently explained how Rule 20(a)(2) applies to prisoner plaintiffs:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees– for the Prison Litgation Reform Act limits to 3 the number of frivolous suits or appeal that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). . . .
>
> . . . .
>
> . . . . A buckshot complaint that would be rejected if filed by a free person–say, a suit complaining that A defrauded the plaintiff, B defamed

---

[2] Once it is determined whether the parties in a case are properly joined under Rule 20, the joinder of multiple claims against any particular party is governed by Rule 18(a), which provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

5

him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions–should be rejected if filed by a prisoner. . . .

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Dykes v. Benson*, No. 1:18-cv-664, 2018 WL 3708054, at *4 (W.D. Mich. Aug. 2, 2018) ("Permitting improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts.").

The claims in the amended complaint are concerned with allegedly unsanitary food handling practices at the HCCF and the alleged failure to provide Bradfield with a gluten-free diet and are brought against the following Defendants: Captain Brandon Smith; Unit Manager S. Jones; Case Manager First Name Unknown (FNU) Malone; Sergeant FNU Pirtle; and Sergeant FNU Vallier. (ECF No. 4 at 2-5.)[3] Those additional claims are misjoined in this action because they are completely unrelated to Bradfield's free-exercise and RLUIPA claims and involve different Defendants.

Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." In

---

[3] Bradfield also sues a John Doe sergeant and seven John Doe corrections officers. Service of process cannot be made on an unidentified party. In addition, the filing of a complaint against such a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

this case, the Court finds that severing the claims raised in the amended complaint and opening them as a new case is the appropriate remedy for the misjoinder.

Accordingly, the claims in the amended complaint against Captain Brandon Smith, Unit Manager S. Jones, Case Manager FNU Malone, Sgt. FNU Pirtle, and Sgt. FNU Vallier are hereby SEVERED from this case. The Clerk is DIRECTED to open a new civil case for those claims and to docket in that new case copies of the amended complaint, (ECF No. 4), Bradfield's motion to proceed *in forma pauperis*, (ECF No. 2), his notice of change of address, (ECF No. 7), and this order. A further order concerning those claims will be issued after the new case is opened.

Because the Court has determined that Bradfield's free exercise and RLUIPA claims do not come within the exception to 28 U.S.C. § 1915(g), the motion for leave to proceed *in forma pauperis* is DENIED as to those claims. The original complaint and the supplemental complaint, (ECF No. 1; ECF No. 4 at 1), are DISMISSED WITHOUT PREJUDICE. Bradfield may, within twenty-eight (28) days after the entry of judgment, reopen this case by filing a motion to reopen accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Bradfield in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is also DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.                           s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE