# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RONNIE BRADFIELD a/k/a ) | |
| PAUL FARNSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 18-1210-JDT-cgc |
| ) | |
| BRANDON SMITH, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER *IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE, DISMISSING CLAIMS AND GRANTING LEAVE TO AMEND

On May 19, 2017, while he was incarcerated, Plaintiff Ronnie Bradfield a/k/a Paul Farnsworth filed a *pro se* civil complaint and a motion to proceed *in forma pauperis* which were docketed as case number 17-1096-JDT-cgc. Bradfield is a three-strike filer under 28 U.S.C. § 1915(g). The Defendants named in that original complaint were John (Johnny) Gore, a Chaplain at the Hardeman County Correctional Facility (HCCF), and Deborah Thompson, Director of Religious Services for the Tennessee Department of Correction. Bradfield's claims against Gore and Thompson were brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, and 42 U.S.C. § 1983 for alleged deprivations of his First Amendment right to freely exercise his religion.

On June 2, 2017, Bradfield filed a document that both supplemented and amended the original complaint. (ECF No. 1.) The document added one additional allegation against Defendants Gore and Thompson with regard to Bradfield's free exercise and RLUIPA claims. (*Id.* at 1.) However, Bradfield also amended the complaint to raise new § 1983 claims against five different individuals that were wholly unrelated to his claims against Gore and Thompson. (*Id.* at 2-6.)[1]

On October 23, 2018, the Court issued an order dismissing the original and supplemental complaints without prejudice because the claims against Defendants Gore and Thompson did not come within the "imminent danger" exception to 28 U.S.C. § 1915(g). (ECF No. 4 at 4-5, 7.) The Court also found, pursuant to Federal Rule of Civil Procedure 20(a)(2), that the claims asserted against the new Defendants named in Bradfield's amended complaint were misjoined with the claims against Defendants Gore and Thompson. (*Id.* at 5-6.) Therefore, the Court severed the § 1983 claims in the amended complaint and directed the Clerk to open those claims as a new case. (*Id.* at 6-7.) The claims were opened as case number 18-1210-JDT-cgc.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a)-(b). The statute merely provides a prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d

---

[1] Bradfield has been released from prison. He provided both a new physical address and an e-mail address so that he can receive Notices of Electronic Filing (NEFs). (ECF No. 3.)

601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Twenty-eight U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

As stated, Bradfield is a three-strike filer. He has filed at least four previous lawsuits in this district that were dismissed for failure to state a claim or as frivolous. *See Bradfield v. City of Memphis, et al.*, No. 96-3184-BBD-dkv (W.D. Tenn. Feb. 3, 1997) (collecting cases). Therefore, he may not file any action, while he is incarcerated, in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint and/or amended complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

The claims in this case are concerned with allegedly unsanitary food handling practices at the HCCF and the alleged failure to provide Bradfield with a gluten-free diet. The named Defendants are Captain Brandon Smith; Unit Manager S. Jones; Case Manager First Name Unknown (FNU) Malone; Sergeant FNU Pirtle; and Sergeant FNU Vallier. (ECF No. 1 at 2-5.)[2]

Bradfield first alleges that the Defendants allowed "non-kitchen" workers who were not medically certified to handle and serve food trays, in violation of TDOC policy. (*Id.* at 3.) He asserts that these non-kitchen workers janitors and clerks who also handled garbage, cleaned trash cans and bathrooms, mopped and swept floors, cleaned up blood spills, and generally did "some of the most dirties[t] and unsanitary jobs with the prison." (*Id.* at 3-4.) Yet those inmates were allowed to "handle and serve food mostly without even gloves." (*Id.* at 4.) In addition, Bradfield alleges that food trays were carried on a cart which was also used to take garbage from place to place within the facility and then to an outside dumpster; he claims the cart was never cleaned. (*Id.*)

This claim does not sufficiently allege that Bradfield was in imminent danger of serious physical injury because of unsanitary kitchen conditions. Although it is alleged that the non-kitchen workers were not medically certified to handle food, there is no allegation that any of those workers actually had a medical condition that posed a danger

---

[2] Bradfield also sued a John Doe sergeant and seven John Doe corrections officers. Service of process cannot be made on an unidentified party. In addition, the filing of a complaint against such a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

4

to inmates who ate the food they served. In addition, Bradfield does not allege that he became sick or suffered any other physical harm from food served by the non-kitchen workers and/or carried on the dirty cart. *See Hunter v. Helton*, No. 1:10-cv-00021, 2018 WL 1426221, at *3 (M.D. Tenn. Apr. 8, 2010) (finding no imminent danger when prisoner failed to allege that food handlers had communicable diseases or infections that posed a risk of harm or that he suffered any physical injury); *Hall v. Jarrigan*, No. 2:07-CV-127, 2008 WL 5377893, at *5 (E.D. Tenn. Dec. 18, 2008) (allegation that prisoner who served drinks was denied sanitary gloves fails to state a constitutional claim "absent some indication that the food or drink itself is unsanitary or that the server has a medical condition which poses a risk of harm to inmates who consume the food and drinks").

Bradfield next alleges that he has been diagnosed with celiac spruce disease, which requires him to eat a gluten-free diet. (ECF No. 1 at 4.) Despite the fact that he repeatedly brought his need for a gluten-free diet to the Defendants' attention, his requests allegedly were ignored. (*Id.* at 5.) Bradfield alleges he often would be given a complete food tray that was not gluten-free or else he would be given a food tray that was incomplete. (*Id.* at 4.) As a result, Bradfield alleges that he suffered extensive hunger pains, stomach and digestive problems, and weight loss. (*Id.* at 5.)

The Court finds that this claim sufficiently alleges that Bradfield was in imminent danger of serious physical injury when the complaint was filed on June 2, 2017. Therefore, he may be entitled to proceed *in forma pauperis* in this case. If Bradfield was still incarcerated, the Court would grant his motion for leave to proceed *in forma pauperis* and assess the civil filing fee from his inmate trust account pursuant to the PLRA's installment

5

procedures, 28 U.S.C. § 1915(b). However, Bradfield has been released from prison. When the filing fee is not paid prior to a prisoner plaintiff's release, the Sixth Circuit has held that "the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore*, 114 F.3d at 613. Therefore, the Court will require Bradfield to submit a non-prisoner *in forma pauperis* affidavit before determining whether he is still indigent.

The Court will now screen Bradfield's claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under those provisions, the Court must dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether Bradfield's allegations state a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

6

supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

The claims in this case are brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial

> officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Bradfield's claims arise under the Eighth Amendment, which prohibits cruel and unusual punishment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38. The subjective component must be evaluated for each defendant individually. *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011); *see also*

*id.* at 768 ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.").

As stated, Bradfield's claims regarding unsanitary kitchen practices at the HCCF are not supported by facts alleging that the non-kitchen workers actually had any medical conditions that exposed him to a risk of harm from the food they handled. In addition, he has not alleged that he was actually harmed or became sick as a result of those practices. Thus, Bradfield has not sufficiently alleged the objective component of an Eighth Amendment claim. The failure to allege that he suffered any physical injury as a result of the alleged unsanitary practices also bars this claim under 42 U.S.C. § 1997e(e).[3]

Even if the Court were to find that Bradfield had sufficiently alleged a substantial risk of serious harm, he has not alleged the subjective component of an Eighth Amendment claim because he does not allege that any named Defendant took any specific wrongful action. His claims are stated only generally and collectively against the "Defendants." *See Twombly*, 550 U.S. at 570 (When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face.").

Likewise, Bradfield's claims regarding his failure to receive a gluten-free diet allege only that the "Defendants" were aware that he required a medical diet because of his celiac spruce disease but ignored his requests for such a diet. Again, he does not set forth any specific actions that were taken by any of the named Defendants.

---

[3] Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act...."

Absent more detailed allegations concerning how each named Defendant was personally involved in violating Bradfield's rights, the complaint in its present form fails to state any claim on which relief may be granted and is subject to dismissal in its entirety.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, leave to amend is warranted.

In order for the Court to determine if he is still indigent, Bradfield is ORDERED to submit either a non-prisoner *in forma pauperis* affidavit or the entire $400 civil filing fee within 21 days after the date of this order.

The complaint is DISMISSED for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is GRANTED. Any amendment also must be filed within 21 days after the date of this order. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.

Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the present complaint. Each claim for relief must be stated in a separate count and must identify each party sued in that count.

If Bradfield fails to submit a non-prisoner *in forma pauperis* affidavit or pay the civil filing fee within 21 days and/or if he fails to file an amended complaint within that same time period, the Court will enter judgment based on this order.

Bradfield is reminded that he must promptly notify the Clerk, in writing, of any change of address or extended absence.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE