UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RONNIE BRADFIELD a/k/a )
PAUL FARNSWORTH, )
                             )
    Plaintiff, )
                             )
VS. ) No. 18-1210-JDT-cgc
                             )
BRANDON SMITH, ET AL., )
                             )
    Defendants. )

ORDER DENYING MOTION IN OPPOSITION (ECF NO. 7)

On October 24, 2018, the Court entered an order directing Plaintiff Ronnie Bradfield a/k/a Paul Farnsworth to file a non-prisoner *in forma pauperis* affidavit or pay the full $400 civil filing fee, dismissing his complaint, and granting him 21 days to file an amended complaint. (ECF No. 6.) On the twentieth day of that time period, Bradfield filed a "Motion In Opposition To Dismissal Of Defendant Gore, and That Filing Another IFP Application Is Only Warranted For All Issues." (ECF No. 7.) In the motion, Bradfield contends that the restrictions under 28 U.S.C. § 1915(g) are inapplicable to him because he is no longer incarcerated. (*Id.* at PageID 51-52.) He also asserts that, because he is not currently incarcerated, "'all' issues should be allowed to proceed forward." (*Id.* at PageID 52.)

Although Bradfield is not currently a "prisoner" as defined under 28 U.S.C. § 1915(h), he filed this action and his previously dismissed actions while he was a prisoner. The bar under § 1915(g) therefore applies to this action, as discussed in the Court's previous order. *See, e.g., Torns v. Mississippi Dep't of Corr.*, 421 F. App'x 316, 317 (5th Cir. 2010) ("Torns's

subsequent release from prison did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar."); *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently."); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (released inmate was "bound by the PLRA because his suit was filed . . . almost three years before he was released from prison"); *Crawford v. Doe*, 484 F. Supp. 2d 446, 448 (E.D. Va. 2007) ("As plaintiff was subject to the prohibition of § 1915(g) when he filed this action . . . there is no reason why plaintiff's release would obviate his obligation to pay the statutory filing fee. Therefore, the court FINDS that plaintiff continues to be subject to the prohibition of § 1915(g) for purposes of this action.").

Because this action is subject to the restrictions of 28 U.S.C. § 1915(g), Bradfield's motion in opposition to the Court's previous order is DENIED. Bradfield is ORDERED to submit, within 14 days after the date of this order, an amended complaint and either a non-prisoner *in forma pauperis* affidavit or the entire $400 civil filing fee. If Bradfield fails to comply with this order in any respect, the Court will enter judgment in accordance with the October 24, 2018, order dismissing the original complaint.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE